**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHARLES FRAKES**
*individually and as Next Friend for D.S.F.*,   )
                                                )
             **Plaintiff,**                     )
                                                )   **CIVIL ACTION**
v.                                              )
                                                )   No. 06-2110-CM
                                                )
**FARM BUREAU MUTUAL INSURANCE**                )
**COMPANY,**                                    )
                                                )
             **Defendant.**                     )
_____)

**MEMORANDUM AND ORDER**

Plaintiff brings this action seeking underinsured motorist and personal injury protection benefits from defendant, his motor vehicle liability carrier. The matter is before the court on defendant's motion for summary judgment (Doc. 20). Defendant contends that plaintiff is barred from bringing this action because K.S.A. § 60-213(a) required that plaintiff's claims be raised as compulsory counterclaims in prior proceedings involving the parties in Kansas state court. For the following reasons, the court denies defendant's motion.

On February 3, 2005, plaintiff's daughter, D.S.F., was injured in an automobile accident involving a car in which she was a passenger. The driver's liability insurance company, The Automobile Insurance Company of Hartford, offered to settle with plaintiff for the amount of the driver's liability coverage, $50,000. As required by K.S.A. § 40-284(f), plaintiff notified defendant of this tentative settlement on January 11, 2006. Per the statute, defendant had sixty days to substitute its payment for the tentative settlement amount so that it could obtain subrogation rights. On March 10, 2006, defendant filed an interpleader action and deposited $50,000 with the District

Court of Johnson County, Kansas, requesting that the court determine how to distribute the funds because D.S.F. was a minor and could not receive the funds directly. The state court ordered the funds be paid to D.S.F.'s custodian and dismissed defendant from the case.

The Kansas compulsory counterclaim statute is codified as K.S.A. § 60-213(a) and reads as follows:

> *Compulsory counterclaims*. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction; . . . .

Application of the Kansas compulsory counterclaim rule rests on the concept of equitable estoppel, rather than the concept of res judicata. *See U.S. Fid. and Guar. Co. v. Maish*, 908 P.2d 1329, 1340–41 (Kan. Ct. App. 1995). Under this doctrine, if plaintiff knew about the requirement to file a counterclaim in the previous action, but did not do so, he would be estopped from bringing the current action. *See id.* K.S.A. § 60-213(a) is almost identical to Rule 13(a) of the Federal Rules of Civil Procedure. Because there is no Kansas case addressing the issue of compulsory counterclaims in interpleader actions, the court also looks to federal courts' interpretations of Fed. R. Civ. P. 13 for guidance. The Tenth Circuit has held that Fed. R. Civ. P. 13(a) applies to interpleader actions. *See, e.g., Liberty Nat'l Bank v. Acme Tool Div. of the Rucker Co.*, 540 F.2d 1375, 1381 (10th Cir. 1976).

A counterclaim is not compulsory if it does not arise out of the "transaction or occurrence that is the subject matter of the opposing party's claim." K.S.A. § 60-213(a). Here, if the transaction or occurrence that was the subject of the interpleader action was the actual accident in which D.S.F. was injured, then plaintiff's case may be barred. But if the transaction or occurrence is some other event, then plaintiff's case is not barred.

The court finds that the underlying transactions or occurrences in the interpleader action were (1) the negotiation of a potential settlement between The Automobile Insurance Company of Hartford and plaintiff, and (2) defendant's decision to substitute its payment. The subject matter of the interpleader case was the $50,000 liability insurance payment. *See N. Natural Gas Co. v. Grounds*, 292 F. Supp. 619, 640 (D. Kan. 1968), *aff'd in part, rev'd in part*, 441 F.2d 704 (10th Cir. 1971) ("In interpleader actions . . . the 'subject matter of the action' is not a set of facts, a transaction or other occurrence which gives rise to litigation, but a specific identified fund or property. Claims must not only 'relate' to that property, but be asserted against it. . . ."). In contrast, the occurrence underlying the instant action is defendant's refusal to pay underinsured motorist and personal injury protection benefits, amounts above and in addition to the $50,000 liability insurance payment. Significantly, the money that plaintiff currently seeks (the uninsured motorist and personal injury protection benefits) is not the same money that defendant tendered to the court (the substitution payment for the liability company's settlement offer). *See Loucks v. Gallagher Woodsmall, Inc.*, 35 P.3d 782, 786 (Kan. 2001) ("Under K.S.A. § 40-284(f), a substitute payment by a UIM carrier is not a payment of UIM 'benefits.' Rather, . . . the sums paid by the UIM carrier are 'simply sums which have been substituted for liability insurance.'").

Because the cases involve different transactions or occurrences and subject matters, the compulsory counterclaim rule does not apply, and plaintiff's claims are not barred. *See Springate v. Weighmasters Murphy, Inc. Money Purchase Pension Plan*, 217 F. Supp. 2d 1007, 1014 (D. Cal. 2002) (holding that Fed. R. Civ. P. 13 did not bar a plaintiff from bringing a separate suit to determine other issues when the interpleader suit involved only the determination of entitlement to funds).

**IT IS THEREFORE ORDERED** that defendant's Motion for Summary Judgment (Doc.

-4-

20) is denied.

Dated this 23rd day of April 2007, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**