IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHARLES FRAKES**
*individually and as Next Friend for D.S.F.*,   )
                                                 )
          **Plaintiff,**   )
                                                 )
                                  )   **CIVIL ACTION**
**v.**                                           )
                                  )   **No. 06-2110-CM**
                                                 )
**FARM BUREAU MUTUAL INSURANCE**   )
**COMPANY,**                       )
                                                 )
          **Defendant.**   )
                                                 )

**MEMORANDUM AND ORDER**

This is an action seeking underinsured motorist and personal injury protection benefits from defendant, a motor vehicle liability carrier. The matter is before the court on four motions: defendant's Motion in Limine (Doc. 47); defendant's Motion for Summary Judgment on Stacking of Underinsured Motorist Coverage (Doc. 48); defendant's Motion to Dismiss (Doc. 51); and defendant's Motion for Partial Summary Judgment (Doc. 54). The motions and attending briefs address five questions: (1) Is Demi Frakes a party in this action?; (2) Can plaintiff(s) stack the underinsured motorist coverage?; (3) Is the amount in controversy sufficient to give this court diversity jurisdiction?; (4) Should the court allow evidence of an irrevocable trust agreement to be presented at trial?; and (5) Is Jillian Alexander an indispensible party? With respect to the final issue regarding Jillian Alexander, the parties agree that she need not be a party, so that issue is moot. The court will address the four remaining issues in order.

**I.  Is Demi Frakes a party in this action?**

Defendant claims that under Fed. R. Civ. P. 10, the only plaintiff in this action is Charles Frakes because he is the only plaintiff listed in the case caption.  At the time this case was filed, Demi Frakes was a minor.  Rule 17(c) allows a minor "who does not have a duly appointed representative [to] sue by a Next Friend or by a Guardian Ad Litem."  This case was brought by "Charles Frakes, individually and as Next Friend for D.S.F."  Defendant contends that because the case caption does not read, "D.S.F., by and through her Next Friend, Charles Frakes," Demi Frakes is not a plaintiff in the action.  Defendant has maintained this position since filing its answer in the case and has not conducted discovery with respect to any claims of Demi Frakes.

Defendant puts form over substance.  The complaint itself clearly requests relief on behalf of Demi Frakes.  The complaint references "plaintiffs," and Count One specifically requests relief for "D.S.F. through her next friend."  Concurrent with the filing of the suit, Charles Frakes filed a motion asking that the court appoint him Next Friend for D.S.F.  The court granted that motion on July 27, 2006.  And defendant did not file any motion challenging the propriety of the named parties by the deadline as set forth in the scheduling order.  Defendant also failed to file any other motion on the matter until the court asked the parties to brief the issues on the eve of trial.

This is not to say that plaintiffs could not have resolved this earlier in the case.  When put on notice that defendant was challenging the presence of Demi Frakes in the case, plaintiffs could have moved to amend to alleviate any purported problem.  Plaintiffs neglected to do so.

Under the totality of the circumstances, the court finds that Demi Frakes has been and should continue to be a party in this case, if she so desires.  To clear up any technical pleading insufficiency, **plaintiffs shall request leave to amend the pretrial order to properly name Demi**

-3-

**Frakes in the case caption within 5 business days of the date of this order**.  Because defendant claims that it has not conducted any discovery with respect to Demi Frakes, the court will reopen discovery for thirty days, during which time defendant may conduct discovery limited to the claims of Demi Frakes.  The case will be referred to the magistrate judge for resolution of any issues arising during this limited period of discovery.

**II.  Can plaintiffs stack the underinsured motorist coverage?**

The answer to the second question is no.  Stacking is precluded by statute and Kansas case law.  *See* Kan. Stat. Ann. § 40-284(d); *Eidemiller v. State Farm Mut. Auto. Ins. Co.*, 933 P.2d 748, 756 (Kan. 1997).  Plaintiffs contend that the relevant question is not one of stacking, but one regarding the appropriate definition of "highest limits of any single applicable policy" as used in Kan. Stat. Ann. § 40-284(d).  That statute provides:

> Coverage under the policy shall be limited to the extent that the total limits available cannot exceed the highest limits of any single applicable policy, regardless of the number of policies involved, persons covered, claims made, vehicles or premiums shown on the policy or premiums paid or vehicles involved in an accident.

Kan. Stat. Ann. § 40-284(d).

Even accepting plaintiffs' restructuring of the question, the court finds that the "highest limit[] of any single applicable policy" in this case is $100,000.  There is only one bodily injury in this case—that of Demi Frakes.  A single bodily injury means that the insurance policies' "per person limit" of $100,000 applies rather than the "per occurrence limit" of $300,000.  The court has reviewed all of the cases cited by plaintiffs, and finds them unpersuasive—and in several instances inapplicable—as to whether a higher limit would apply in this case.

A related question is whether each plaintiff has a separate "highest limit."  Again, the answer is no.  Demi Frakes is the only person who sustained bodily injury.  Charles Frakes's claim is

derivative of Demi Frakes's claim, and does not add a second "per person limit." *See Farmers Ins. Co. v. Jokan*, 57 P.3d 24, 27 (Kan. Ct. App. 2002).

**III. Is the amount in controversy sufficient to give this court diversity jurisdiction?**

The maximum amount of benefits that plaintiffs may receive pursuant to underinsured motorist coverage is $100,000. Because defendant already tendered a payment of $50,000, the remaining amount at issue for underinsured motorist benefits is $50,000. This amount is less than the jurisdictional prerequisite for federal court.

Plaintiffs have claimed, however, that they are entitled to attorney fees under Kan. Stat. Ann. §§ 40-256, 40-3111, and 40-908. The court considers a party's claim for statutory attorney fees when determining whether a sufficient amount is in controversy to assert jurisdiction. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998). Based on the amount of motions practice in this case, the impending trial, and prevailing rates in the area, the court finds that reasonable attorney fees, if awarded, could exceed the $25,000.01 necessary to vest this court with jurisdiction. *See, e.g., Gerig v. Krause Publ'ns, Inc.*, 58 F. Supp. 2d 1261, 1266 (D. Kan. 1999) (asserting jurisdiction where amount in controversy was $52,504.20–$63,404.50 plus reasonable attorney fees). Plaintiffs have met their burden of showing that it does not appear to a legal certainty that the value of their claims falls below the jurisdictional threshold. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). The court therefore finds that it has subject matter jurisdiction over the case.

**IV. Should the court allow evidence of an irrevocable trust agreement in evidence at trial?**

Defendant asks the court to exclude evidence of an irrevocable trust agreement between plaintiffs that provides that the proceeds of this lawsuit will be used to further the educational pursuits of Demi Frakes. Defendant contends that such evidence is irrelevant. But one factor that

-4-

the jury will consider in determining damages is Demi Frakes's age. Her level of maturity and responsibility in light of her young age may have some bearing on how much the jury determines is reasonable compensation for her injuries. The court finds that the trust agreement is relevant and that its probative value outweighs any prejudicial effect on defendant. The court will allow a brief discussion of the trust agreement.

**IT IS THEREFORE ORDERED** that defendant's Motion in Limine (Doc. 47) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion for Summary Judgment on Stacking of Underinsured Motorist Coverage (Doc. 48) is granted.

**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss (Doc. 51) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion for Partial Summary Judgment (Doc. 54) is denied.

Dated this <u>19th</u> day of July 2007, at Kansas City, Kansas.

                                        **s/ Carlos Murguia**
                                        **CARLOS MURGUIA**
                                        **United States District Judge**