## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLES FRAKES and ) | |
| DEMI FRAKES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-2110-CM |
| ) | |
| FARM BUREAU MUTUAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM AND ORDER

This case is before the court on defendant's Motion to Re-Tax Costs (Doc. 80). In reviewing the clerk's taxation of costs, the court makes a *de novo* determination. *See Green Constr. Co. v. Kan. Power & Light Co.*, 153 F.R.D. 670, 674 (D. Kan. 1994). Taxation of costs is within the court's discretion, limited by the parameters of 28 U.S.C. § 1920, which specifies categories of costs that may be awarded. *Id.* at 675. A presumption that costs will be awarded arises, however, where requested costs are statutorily-authorized. *Id.* (citing *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988). The prevailing party bears the burden of showing that particular costs are authorized by statute. *Id.* But once the prevailing party has demonstrated that particular costs are statutorily-authorized, the non-prevailing party bears the burden of showing that costs are otherwise improper. *Cantrell v. IBEL Local 2021*, 69 F.3d 456, 459 (10th Cir. 1995) (citations omitted).

Here, the clerk taxed costs in the amount of $1277.07, including costs for filing fees, court reporter fees, witness fees, copies, and "other costs." The "other costs" totaled $477.36, but

plaintiffs did not itemize those costs or attach documentation for them.  Defendant asks the court to deny plaintiffs all costs because they ultimately recovered less than a settlement offer that defendant made.  Alternatively, defendant asks the court to use its discretion to limit plaintiffs' costs.

The court is not in a position to evaluate whether the $477.36 for "other costs" is authorized by statute.  Because plaintiffs bear the burden of demonstrating that costs are justified, the court will disallow that portion of costs.  Defendant has not offered any reason why the remainder of plaintiffs' costs should be disallowed, other than the fact that plaintiffs were not "very successful," despite being the prevailing party.  The jury awarded plaintiffs approximately $65,000.  The court entered judgment for plaintiffs for $10,764.41 because of liability limits and previously-paid benefits.  While this may have been less than plaintiffs could have received had they accepted defendant's settlement offer, the court does not find that the jury's verdict or the judgment justifies denying all costs.

As a final note, the tone of the attorneys' briefing on this issue reflects frustration with and disrespect for one another.  The court understands that lawyers disagree; that is the nature of litigation.  But the court expects attorneys practicing before it to maintain civility and use appropriate decorum when addressing one another or the court.

**IT IS THEREFORE ORDERED** that defendant's Motion to Re-Tax Costs (Doc. 80) is granted in part and denied in part.  Costs shall be taxed in the amount of $799.71.

Dated this   27th   day of May 2008, at Kansas City, Kansas.

 **/s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**